783 F.2d 1117
 251 U.S.App.D.C. 302, 16 Envtl. L. Rep. 20,412,
12 O.S.H. Cas.(BNA) 1673,
1986-1987 O.S.H.D. ( 27,507
 In re UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC, et al., Petitioners,
v.
RUBBER MANUFACTURERS ASSOCIATION, American Petroleum
Institute, Chemical Manufacturers Association, Intervenors.
 No. 84-5842.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Dec. 11, 1985.
Decided Feb. 25, 1986.
 
 George H. Cohen, with whom Robert M. Weinberg and David C. Vladeck, Washington, D.C., were on the brief for petitioners. Jeremiah A. Collins, Washington, D.C., also entered an appearance for petitioners.
 Laura V. Fargas, Atty., Dept. of Labor, of the Bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of the Court, with whom Francis X. Lilly, Sol., Frank A. White, Associate Sol. and Joseph M. Woodward, Counsel, Dept. of Labor, Washington, D.C., were on the brief for respondent.
 Charles F. Lettow and Linda J. Soldo, Washington, D.C., were on the brief for intervenor, Rubber Mfrs. Ass'n.
 Edward W. Warren, Arthur F. Sampson, III, Stark Ritchie, Martha Beauchamp and Arnold Block, Washington, D.C., were on the brief for intervenor, American Petroleum Institute.
 Neil J. King and David F. Zoll, Washington, D.C., were on the brief for intervenor, Chemical Mfrs. Ass'n.
 Before SCALIA and STARR, Circuit Judges, and McGOWAN, Senior Circuit Judge.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 Benzene is a clear, colorless, flammable liquid employed in various industrial processes. It is undisputed that benzene poses significant health risks. In 1971, the Occupational Safety and Health Administration (OSHA), acting pursuant to summary procedures contained in section 6(a) of the Occupational Safety and Health Act of 1970 ("the Act"), 29 U.S.C. Sec. 655(a) (1982), adopted a "national consensus standard" of ten parts benzene per million parts of air (10 ppm), averaged over an eight-hour time period, as the federal standard for exposure to benzene in the workplace. See 29 C.F.R. Sec. 1910.1000 (1985) (Table Z-2). This standard, which remains presently in effect, was not designed to protect workers against benzene's carcinogenic effects. Indeed, it was not until the mid-1970's that scientific evidence clearly established a link between benzene and cancer. In 1978, OSHA responded to this evidence by promulgating a new "permanent standard," reducing the allowable concentration of benzene to 1 ppm. 43 Fed.Reg. 59,181 (1978). That standard was issued pursuant to section 6(b)(5) of the Act, 29 U.S.C. Sec. 665(b)(5), which requires notice-and-comment rulemaking procedures. The agency's action, however, was vacated by the United States Supreme Court by virtue of OSHA's failure to make sufficient factual findings. See Industrial Union Dep't v. American Petroleum Inst., 448 U.S. 607, 100 S.Ct. 2844, 65 L.Ed.2d 1010 (1980).
 
 
 2
 On July 8, 1983, OSHA publicly announced its intention to undertake a new, expedited rulemaking on benzene. The agency envisioned producing a completed proposal by November 1983, holding hearings in February 1984, and promulgating a final rule in June 1984. 48 Fed.Reg. 31,412, 31,413 (1983). That schedule was never implemented; indeed, as of December 10, 1984, the agency had not even begun the statutory rulemaking process by issuing a notice of proposed rulemaking (NOPR). On that date, petitioners filed in this court a petition for a writ of mandamus, seeking to require OSHA (1) to issue a NOPR within 30 days of the court's decision, (2) to undertake rulemaking "on a priority, expedited basis," (3) to issue a permanent standard seven months after issuing the NOPR, and (4) to file progress reports every 60 days. Petition for Writ of Mandamus at 12, No. 84-5842 (D.C.Cir.Dec. 10, 1984). Oral argument was set for December 11, 1985.
 
 
 3
 On December 5, 1985, virtually on the eve of oral argument, the agency filed with the court a copy of a just-issued NOPR, which was subsequently published in the Federal Register on December 10, 1985. 50 Fed.Reg. 50,512 (1985). The NOPR stated that the agency expected to hold public hearings on the proposed rule between March 11 and April 8, 1986. Id. at 50,572. At oral argument, counsel for the respondent revealed, for the first time, that OSHA had developed a new schedule for completion of the rulemaking. Following oral argument, this court issued an order directing the agency to confirm that estimated timetable in writing.* Order of December 17, 1985, No. 84-5842. The timetable subsequently submitted by the agency is as follows:
 
 
 4
 Although declining to commit itself firmly to this schedule, the agency indicated that its proposed timetable "represents a realistic estimate at this time for the issuance of a final determination in this rulemaking."
 
 
 5
 In response, petitioners now urge the court to reject OSHA's proffered schedule and to compel the agency to issue a final benzene standard by July 15, 1986, or, in the alternative, within a year of publication of the NOPR (i.e., by December 10, 1986). Petitioners also request that the court retain jurisdiction and require periodic progress reports from the agency.
 
 
 6
 After analyzing the various post-argument submissions in this case, as well as the various merits briefs, we conclude that mandamus compelling the agency to adhere to a more expedited timetable would not be appropriate. We follow instead the approach adopted quite recently by the court in a similar case, Oil, Chemical & Atomic Workers Int'l v. Zegeer, 768 F.2d 1480 (D.C.Cir.1985) ("Radon Daughters" ). As in that case, we cannot say in advance that the amount of time the agency contemplates taking to reach a final determination will constitute "unreasonable delay" within the meaning of section 706(1) of the Administrative Procedure Act, 5 U.S.C. Sec. 706(1) (1982). In reaching its determination, the agency must, of necessity, deal with a host of complex scientific and technical issues. OSHA obviously cannot know at present how many comments it will receive or the nature of those comments. Moreover, the 14-month time period contemplated by OSHA does not seem to us facially unreasonable; indeed, the "alternative" schedule advanced by petitioners calls for completion of the proceedings within a comparable period of 12 months.
 
 
 7
 In addition, we decline the invitation to "punish" OSHA for its past delay by imposing a mandatory, accelerated timetable. To be sure, we fully appreciate the seriousness of the health risks posed by benzene and the consequent need for prompt agency action. We do not, however, have occasion to decide whether the period of delay prior to the December 10, 1985 NOPR was unreasonable, inasmuch as the issuance of the NOPR itself has mooted petitioners' claims to the extent that they were based upon that delay. But even were we to conclude that that delay was unreasonable, judicial imposition of an overly hasty timetable at this stage would ill serve the public interest. The rule ultimately promulgated by the agency, not to mention the agency's rationale for the rule, must be constructed carefully and thoroughly if the agency's action is to pass judicial scrutiny this time around. Cf. Industrial Union, supra.
 
 
 8
 We likewise fail to perceive any useful purpose in retaining jurisdiction or requiring periodic progress reports, as requested by petitioners. Consistent with Radon Daughters, however, we leave the courthouse door open to petitioners to renew their petition for mandamus if OSHA should "fail to act with appropriate diligence in following the estimates it has tendered to this court." 768 F.2d at 1488.
 
 
 9
 For the foregoing reasons, the petition is dismissed without prejudice.
 
 
 10
 It is so ordered.
 
 
 
 *
 We wish to emphasize to the parties their obligation to provide to the court, at the earliest point possible, all relevant information. In a case such as this, involving allegedly unreasonably delayed agency action, the court must consider the agency's performance record and its proposed timetable for completing its work. In that context, the court considers the specifics of the agency's proposed timetable highly relevant information
 Close of Comment
 on NOPR: June 10, 1986
Completion of
 Staff Analysis: November 10, 1986
Termination of
 Rulemaking
 Proceedings: February 10, 1987